UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PRODOX, LLC,<br><br>          Plaintiff(s),<br><br>v.<br><br>PROFESSIONAL DOCUMENT SERVICES, INC.,<br><br>          Defendant(s). | Case No. 2:20-cv-02035-JAD-NJK<br><br>**Order**<br><br>[Docket No. 52] |

Pending before the Court is a stipulation presenting discovery disputes for resolution. Docket No. 52. The Court held a hearing at which it ruled from the bench on the various disputes. The Court issues this order in truncated fashion to memorialize the rulings made. As stated more fully during the hearing, Defendant will be compelled to provide supplemental responses to some of the discovery in dispute but not to others. <u>Defendant must provide the ordered supplements by November 30, 2021.</u>

**I.     BACKGROUND**

This case arises out of a settlement agreement from 2006 through which the parties agreed to a geographical split by which Defendant was limited to using the name ProDoc (or substantially similar names) within California. *See* Docket No. 1-1 at ¶ 10. Plaintiff alleges that Defendant changed its website in 2017 to use that name and solicited customers outside of California. *Id.* at ¶ 14. The parties are now before the Court on a variety of discovery disputes.

**II.     STANDARDS**

"The discovery process in theory should be cooperative and largely unsupervised by the district court." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). When an amicable resolution to a discovery dispute cannot be attained, however, a party seeking discovery may move the Court to issue an order compelling that discovery. Fed. R. Civ. P. 37(a). "[B]road

1

discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). The party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019).

**III.   RULINGS**

   A.   REQUEST FOR ADMISSION NO. 10

This request for admission seeks a response from Defendant that it did not have customers outside of California as of July 19, 2006. Docket No. 52 at 7. Defendant objected to this request on multiple grounds, including irrelevance. *See id.*

Discovery is limited to matter "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1); *see also in re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 563 (D. Ariz. 2016). Although relevance for the purpose of discovery is defined broadly, *V5 Technologies*, 334 F.R.D. at 309, the Supreme Court has also made clear that "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions," *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Hence, "a plaintiff seeking discovery cannot rely upon vague or conclusory allegations in its complaint as a basis for a motion to compel." *Valenzuela v. City of Calexico*, No. 14-cv-481-BAS-PCL, 2015 WL 2184304, at *3 (S.D. Cal. May 11, 2015) (collecting cases). District courts enjoy wide discretion in deciding relevance for discovery purposes. *V5 Technologies*, 334 F.R.D. at 309 (citing *Shaw v. Experian Info. Solutions, Inc.*, 306 F.R.D. 293, 296 (S.D. Cal. 2015)).

Defendant supports its relevance objection with argument that the complaint addresses issues starting in 2017, rendering this request for admission beyond the range of relevant information. *See* Docket No. 52 at 10. Plaintiff responds by pointing to two linguistic signals in the complaint that infringing conduct may have existed before 2017. *See* Docket No. 52 at 4. Such vague references are not sufficient to expand the scope of relevant discovery. *Cf. Valenzuela*, 2015

WL 2184304, at *3.[1]  Moreover, Plaintiff has not otherwise provided a persuasive justification for a longer timeframe.

In short, the Court agrees with Defendant that this request for admission is irrelevant.

B.     REQUEST FOR ADMISSION NO. 14

This request for admission seeks a response from Defendant as to whether it understood since 2006 that it was prohibited from advertising or offering litigation support services outside of California. Docket No. 52 at 11. Defendant responded to this request with a single objection that the term "litigation support services" was vague and ambiguous. *See id*. Defendant advances no argument in support of its only objection in the pending motion practice, *see* Docket No. 52 at 12-13, which results in its waiver, *see, e.g.*, Docket No. 48 at 1 ("Merely identifying an objection will not suffice" since courts may deem waived arguments that are not meaningfully developed in motion practice (citing *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013)).[2]

Subject to the now-abandoned objection lodged, Defendant otherwise responded to the request that it admits entering into a settlement agreement. Docket No. 52 at 11. The pertinent question is aimed at Defendant's <u>understanding</u> of its obligations. Defendant's response as to entering a settlement agreement is evasive. Accordingly, Defendant must provide a supplemental answer.

C.     REQUEST FOR ADMISSION NO. 15

This request seeks a response from Defendant as to whether it understood since 2006 that it could not solicit business outside of California. Docket No. 52 at 13-14. Defendant did not

---

[1] Plaintiff indicates that it may seek leave to amend its complaint regarding the time period. *See* Docket No. 52 at 5. That a plaintiff could theoretically have cured a pleading deficiency by filing a motion for leave to amend is insufficient to expand the scope of discoverable information, particularly when the deadline to amend has expired. *See Tradeshift, Inc. v. BuyerQuest, Inc.*, No. 20-cv-01294-RS (TSH), 2021 WL 2109382, at *2 (N.D. Cal. May 25, 2021); *see also* Docket No. 17 at 2 (setting deadline to amend for April 1, 2021).

[2] Defendant advances new arguments that the request seeks a legal conclusion and is irrelevant. *See* Docket No. 52 at 12-13. Any objection must be stated in responding to a request for admission. *See* Fed. R. Civ. P. 36(a)(5). Having not responded to the request with these objections, they are deemed waived. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992); *see also Keith H. v. Long Beach Unified Sch. Dist.*, 228 F.R.D. 652, 657 (C.D. Cal. 2005). This same waiver issue also exists with respect to discovery requests addressed hereinafter.

3

provide any objection to the request for admission and, instead, responded by admitting that it entered into a settlement agreement. *See* Docket No. 52 at 14. Such a response is evasive. Accordingly, Defendant must provide a supplemental answer.

### D. REQUEST FOR ADMISSION NO. 16

This request seeks a response from Defendant as to whether it understood since 2006 that it was prohibited from providing service or obtaining income outside of California. Docket No. 52 at 16. Defendant did not provide any objection to the request for admission and, instead, responded by admitting that it entered into a settlement agreement. *See* Docket No. 52 at 16. Such a response is evasive. Accordingly, Defendant must provide a supplemental answer.

### E. REQUEST FOR ADMISSION NO. 18

This request seeks a response from Defendant as to whether it was required to include a disclaimer on its website pursuant to the settlement agreement. Docket No. 52 at 18. Defendant did not provide any objection to the request for admission and, instead, responded by admitting that it entered into a settlement agreement. *See* Docket No. 52 at 18. Such a response is evasive. Accordingly, Defendant must provide a supplemental answer.

### F. REQUEST FOR ADMISSION NO. 22

This request seeks a response from Defendant as to whether it notified Plaintiff as to the change of its website name. Docket No. 52 at 20. Defendant provided a supplemental answer of "Denied. Plaintiff has acknowledged that it inadvertently changed its website in or around April 2017 from Kytel to ProDoc/Kytel." *Id.* The only argument included in the briefing was that this answer is proper. Docket No. 52 at 21.[3] The Court disagrees and finds the answer to be evasive. Accordingly, Defendant must provide a supplemental answer.

---

[3] As the objections lodged in responding to the request were not meaningfully developed, they have been waived. Docket No. 48 at 1 ("Merely identifying an objection will not suffice" since courts may deem waived arguments that are not meaningfully developed in motion practice (citing *Kor Media*, 294 F.R.D. at 582 n.3). Moreover, the Court does not consider arguments raised for the first time at the hearing. *See, e.g.*, *Perez-Guzman v. Lynch*, 835 F.3d 1066, 1075 n.4 (9th Cir. 2016). Lastly, Defendant states that Plaintiff had not responded to its supplement, which was provided late in the process of preparing the joint statement. Docket No. 52 at 21. The Court declines to defer ruling on that basis. *Cf. V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 297, 302 (D. Nev. 2019) (addressing discretion to waive meet-and-confer requirements).

### G. INTERROGATORY NO. 6

This interrogatory seeks the identification of the geographic regions within the United States where Defendant advertised using the ProDoc mark from 2006 to 2020. Docket No. 52 at 22. Defendant provided a supplemental response stating in effect that it advertised throughout the United States vis-à-vis its website from 2017 to 2020. *See id.* For the reasons discussed above, the Court finds that the interrogatory is irrelevant with respect to the timeframe from 2006 to 2016. Moreover, the Court finds that the response is sufficient. Accordingly, Defendant need not provide a supplemental answer.

### H. INTERROGATORY NO. 5

This interrogatory seeks the nature of any advertising or promotion from 2006 to 2020. Docket No. 52 at 27. Defendant provided a supplemental response that it advertised from 2017 to 2020 through its website. *See id.* At the hearing, defense counsel also represented that there are no other forms of advertising or promotion. For the reasons discussed above, the Court finds that the interrogatory is irrelevant with respect to the timeframe from 2006 to 2016. Moreover, given the representation of counsel at the hearing, the Court finds the amended response to be sufficient. In the event counsel's further inquiries with his client reveal additional information responsive to this interrogatory, a supplement must then be provided. *See, e.g.*, Fed. R. Civ. P. 26(e)(1).

### I. REQUEST FOR PRODUCTION NO. 1 AND 2

The first request seeks Defendant's customer list as of 2006. Docket No. 52 at 30. The second request seeks Defendant's customer list and dates of service for customers between 2006 and 2017. *Id.* at 38. At the hearing, defense counsel provided a customer list from 2017 to 2020, and the parties appear to agree that this production may moot their dispute. Accordingly, the Court will compel Defendant to provide its customer list from 2017 to 2020, subject to the ability to designate such information pursuant to the protective order, to the extent not already provided at the hearing.

### J. REQUEST FOR PRODUCTION NO. 5

This request seeks documents identifying the regions in the United States in which Defendant has advertised from 2006 to 2020. Docket No. 52 at 44. Defendant has responded that

it is obtaining responsive documents regarding its website from 2017 to 2020. *Id.* at 45. Given that representation and based on counsel's agreement at the hearing, the Court will compel Defendant to provide those documents.

### K.   REQUEST FOR PRODUCTION NO. 8

This request seeks all accounting records related to Defendant's services from 2006 to 2020. Docket No. 52 at 49. The primary arguments on this request relate to overbreadth and confidentiality. With respect to overbreadth, the Court will limit the time period to 2017 to 2020. Moreover, based on the discussion at the hearing, the Court finds that the request should be narrowed to documents sufficient to identify the number of sales made to clients outside of California during that time period.

With respect to the sensitive nature of the information, the standards established in the federal system[4] for requiring disclosure of discovery to an opposing party are as follows:

> "[T]here is no absolute privilege for trade secrets and similar confidential information." *Upjohn Co. v. Hygieia Biological Labs.*, 151 F.R.D. 355, 358 (E.D. Cal. 1993) (citation and quotation marks omitted); *see also Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006); *Davis v. Leal*, 43 F. Supp. 2d 1102, 1110 (E.D. Cal. 1999) ("[T]he trade secrets privilege is not absolute, but requires a balancing of the need for protecting the secret with the needs of the case"). To resist discovery of a trade secret, "a party must first demonstrate by competent evidence that the information sought through discovery is a trade secret and that disclosure of the secret might be harmful." *Upjohn Co.*, 151 F.R.D. at 358 (citations omitted.) Where this showing is made, "the burden shifts to the party seeking discovery to establish that the disclosure of trade secrets is relevant and necessary to the action." (*Id.*); *see also Davis*, 43 F. Supp. 2d at 1110. Once relevancy and necessity have been established, the Court must "weigh the risk of disclosure of the trade secret to unauthorized parties with the risk that a protective order will impede prosecution or defense of the claims." *Trevino v. ACB Am., Inc.*, 232 F.R.D. 612, 617 (N.D. Cal. 2006). Nonetheless, "[o]nce the moving party has established relevance and necessity, the discovery is virtually always ordered." *Bare Escentuals Beauty, Inc. v. Costco Wholesale Corp.*, No. 07CV90, 2007 U.S. Dist. LEXIS 90893, at *6–7 (S.D. Cal. Dec. 11, 2007) (citations and quotation marks omitted). In addition, Rule 26(c)(1)(G) states that a party may obtain a protective order "requiring that a trade secret or other confidential research,

---

[4] Defendant asserts wrongly that this is a privilege objection to which state law applies. *E.g.*, Docket No. 59 at 2. This case includes a federal cause of action, accompanied by state law claims. Federal law applies. *Agster v. Maricopa Cnty.*, 422 F.3d 836, 839 (9th Cir. 2005).

development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G).

*RG Abrams Ins. v. The Law Offices of C.R. Abrams*, 2021 WL 4974618, at *8 (C.D. Cal. July 14, 2021). Here, Defendant has not provided competent evidence to support its claim that the requested information is a trade secret.[5] Nonetheless, the Court will assume for purposes of this order that the information is highly sensitive and could meet the definition of a trade secret. At the hearing, Plaintiff persuasively explained that the information sought (as narrowed) is relevant and necessary given its position that liquidated damages are calculated based on each sale made. Moreover, the Court finds that such information can be properly shielded through designations made pursuant to the protective order.

Accordingly, Defendant will be compelled to provide documents sufficient to show the number of sales made to clients outside of California during the relevant time period.[6]

L.     EXPENSES

When a discovery dispute results in mixed rulings, the Court has wide discretion in deciding whether to award expenses. *See* Fed. R. Civ. P. 37(a)(5)(C); *see also Switch Comm'ns Grp. LLC v. Ballard*, 2011 WL 5041231, at *1 (D. Nev. Oct. 24, 2011) (an award of expenses under Rule 37(a)(5)(C) is discretionary). The Court declines to award expenses in the circumstances of this discovery dispute.

---

[5] As the Court's prior order and the caselaw cited herein made clear, the party seeking to avoid discovery must provide "competent evidence that the information sought through discovery is a trade secret and that disclosure of the secret might be harmful." Docket No. 57 at 2 (quoting *Upjohn*, 151 F.R.D. at 358). Defendant responded by filing a declaration from counsel that does not appear to be based on personal knowledge. *But see, e.g.*, *Knaggs v. Yahoo! Inc.*, 2016 WL 3916350, at *5 (N.D. Cal. July 20, 2016) (courts may refuse to consider declarations that lack sufficient foundational information such as the requisite personal knowledge). Moreover, the declaration consists largely of legal argument, which is not proper content for a factual declaration.

[6] At the hearing, Plaintiff's counsel withdrew the request for further responses to Requests for Production Nos. 9 and 10. Accordingly, the Court expresses no opinion as to those disputes.

## IV.   CONCLUSION

For the reasons discussed more fully at the hearing and as stated above, Defendant will be compelled to provide supplemental responses to some of the discovery in dispute but not to others. Defendant must provide all ordered supplements by November 30, 2021.

IT IS SO ORDERED.

Dated: November 16, 2021

_____
Nancy J. Koppe
United States Magistrate Judge