UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ProDox, LLC, | Case No.: 2:20-cv-02035-JAD-NJK |
| Plaintiff | |
| v. | **Order Overruling Objections and Affirming the Magistrate Judge's Order** |
| Professional Document Services, Inc. d/b/a ProDoc-Kytel, | [ECF Nos. 81, 82] |
| Defendant | |

Plaintiff ProDox, LLC brings this trademark-infringement suit against Defendant Professional Document Services, Inc. for its use of the name "ProDoc-Kytel."[1] In January 2022, defendant's CEO failed to appear for a noticed deposition. Plaintiff filed a motion to compel the deposition and for sanctions.[2] United States Magistrate Judge Nancy J. Koppe granted that motion in part, compelled the deposition, and ordered the defendant to pay 80% of plaintiff's costs and fees stemming from the missed deposition.[3] Defendant appeals that ruling. Because the magistrate judge acted well within her discretion to compel the deposition and award sanctions, I overrule the objection and affirm her ruling.

## Background

The discovery cut-off date in this case was June 29, 2021.[4] The deposition of Kyle Lum, defendant's CEO, was noticed for that day. Lum appeared, but because the parties were locked in a dispute about relevant discovery, counsel stipulated on the record that they would continue

---

[1] ECF No. 1 at 2.
[2] ECF No. 72.
[3] ECF No. 81.
[4] ECF No. 82.

the deposition after plaintiff's motion to compel that discovery was resolved.[5] On November 16, 2021, the magistrate judge compelled the defendant to provide documents it previously withheld in discovery.[6] Defense counsel then reached out to plaintiff's counsel, offering to stipulate to a new date for Lum's deposition.[7] Plaintiff did not respond but instead unilaterally noticed Lum's deposition for January 12, 2022.[8] On the 10th of that month, defense counsel sent plaintiff a letter opposing the deposition because the discovery period had closed.[9] On the 11th, defendant filed a motion for a protective order to shield Lum from appearing.[10] The magistrate judge denied that motion as untimely on the morning of January 12, 2022.[11] Lum failed to appear for the deposition.

Plaintiff then filed a motion for sanctions and to compel Lum to appear for his deposition.[12] It also moved to extend its deadline to respond to defendant's summary-judgment motion, contending that it needed information from Lum's deposition to craft an adequate response.[13] I granted that motion and stayed briefing on the summary-judgment motion until plaintiff's sanctions motion could be resolved.[14] In April, the magistrate judge granted that motion in part, finding that the defendant engaged in sanctionable conduct when it failed to

---

[5] *See* ECF No. 35 (first motion to compel); ECF No. 37 (second motion to compel); ECF No 52 (joint stipulation for resolution of discovery dispute); ECF No. 39 (motion to extend discovery).
[6] ECF No. 64.
[7] ECF No. 77-1 at ¶ 7.
[8] *Id.* at ¶ 9.
[9] *Id.* at ¶ 11.
[10] ECF No. 70.
[11] ECF No. 71.
[12] ECF No. 72 (original motion for sanctions); ECF No. 76 (corrected motion for sanctions).
[13] ECF No. 73.
[14] ECF No. 74.

produce Lum for the January 12, 2022 deposition.[15]  She highlighted defense counsel's repeated assurances to the plaintiff that it would agree to reschedule Lum's deposition even after the discovery cut-off, only to pull those assurances back on the eve of the noticed deposition.[16]  The magistrate judge found that the defendant's attempt to avoid the deposition by moving for a protective order the night before the scheduled deposition did not excuse his appearance; only a court order granting that relief could have done so.[17]  The magistrate judge ordered Lum to sit for deposition by May 19, 2022.[18]  She found that plaintiff shared some of the blame for this predicament "as it should have obtained an order to proceed with the deposition after the discovery cutoff."[19]  But for the most part, the blame rests with the defendant, so the magistrate judge ordered it to pay 80% of plaintiff's costs and fees from the missed January deposition.[20]

## Discussion

**I.    Defendant's objections to the magistrate judge's sanctions order**

The defendant objects to the magistrate judge's order, although defendant represents that Lum "will be sitting for deposition on May 18, 2022."[21]  It contends that the continued deposition was scheduled after the discovery cutoff and without a court order and was thus "invalid and unenforceable."[22]  Defendant argues that because the deposition notice was "invalid," the magistrate judge "erred in ruling that [it] was required to obtain a protective order"

---

[15] ECF No. 81.
[16] *Id.* at 7 n.12; 9 n.18.
[17] *Id.* at 3–4.
[18] *Id.* at 7.
[19] *Id.* at 9.
[20] *Id.*
[21] ECF No. 82.
[22] *Id.* at 5.

3

before choosing not to appear.[23] It also avers that it was "substantially justified" in its belief that it did not need to await an order from the court to skip the deposition because of its obvious untimeliness.[24]

## II. The magistrate judge's ruling is not contrary to law.

A district judge may reconsider any non-dispositive matter that has been finally determined by a magistrate judge "when it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[25] A district court should overturn a magistrate judge's determination under this "significantly deferential" standard only if it has "a definite and firm conviction that a mistake [of fact] has been committed"[26] or that a relevant statute, law, or rule has been omitted or misapplied.[27]

District courts are vested with "broad discretion . . . to permit or deny discovery."[28] Defendant has failed to point to any strict rule asserting that a party may ignore a deposition because it was noticed after the discovery cutoff. In fact, the Ninth Circuit has recognized that, even if discovery is requested after the discovery cutoff, the objecting party may not simply ignore that request—it must seek a protective order.[29] The defense did not adequately do so. It

---

[23] *Id.* at 8.

[24] *Id.* at 9.

[25] L.R. IB 3-1(a).

[26] *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted).

[27] *See Grimes v. City and Cnty. of San Francisco*, 951 F.2d 236, 240–41 (9th Cir. 1991).

[28] *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (cleaned up).

[29] *Hadley v. United States*, 45 F.3d 1345, 1350 (9th Cir. 1995) (noting that, while "an argument may be made that [plaintiff] had no obligation to respond to the [discovery] requests because they themselves were served late," the plaintiff "did not promptly object or move for a protective order under [FRCP] 26(c), and in the absence of doing so, was under a duty to respond." (cleaned up)). The weight of authority supports the magistrate judge's finding that a party must timely move for and obtain a protective order to avoid a deposition if it believes that a deposition

4

instead waited until the eve of the deposition to move for such relief. When the magistrate judge denied that motion as untimely, the defendant did not object or move for reconsideration of that order. It only defended its decision to skip the deposition once plaintiff moved to compel and for sanctions. Those arguments were thus untimely, but the magistrate judge considered them anyway and found them unavailing. None of defendant's repetitive arguments demonstrates that the magistrate judge acted outside of her discretion to compel the deposition that Lum improperly skipped. I thus affirm the magistrate judge's order compelling Lum's deposition.

The court also has "great latitude in imposing sanctions under [FRCP] 37."[30] In discussing sanctions, the magistrate judge recognized that plaintiff shared some of the blame because it failed to seek a court order permitting the deposition after the cutoff date.[31] But she reasoned that defendant carried the bulk of the blame because it filed a plainly untimely motion for a protective order and failed to appear for the deposition even after that motion was denied.[32] Defendant fails to point to any portion of that reasoning that was based on clear error or contrary to law. So I find that the magistrate judge acted well within her discretion to impose sanctions under FRCP 37 and affirm her order.

## Conclusion

**IT IS THEREFORE ORDERED** that Defendant ProDoc-Kytel's objection **[ECF No. 82] is OVERRULED** and the magistrate judge's order **[ECF No. 81] is AFFIRMED**.

---

notice is improper. *See*, *e.g.*, *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964); *Nat'l Mort., LLC v. Flamingo Trails No. 7 Landscape Maint. Ass'n.*, 316 F.R.D. 327, 336–37 (D. Nev. 2016).

[30] *Lew v. Kona Hosp.*, 754 F.2d 1420, 1425 (9th Cir. 1985).

[31] ECF No. 81 at 9; *see also Hadley*, 45 F.3d at 1350 (noting that the district court must consider a party's "tardy service" of discovery when determining whether to sanction an opposing party for his failure to respond).

[32] ECF No. 81 at 8–9.

**IT IS FURTHER ORDERED** that, if Kyle Lum's deposition has taken place, plaintiff will have **21 days from the date of this order** to file a response to the defendant's summary-judgment motion. Defendant's reply will be due **14 days** after plaintiff's response is filed.

If the deposition has not yet taken place, the parties must complete it **within 15 days of this order**. Plaintiff will **21 days from the date of the deposition** to file a response to the defendant's summary-judgment motion. Defendant's reply will be due **14 days** after plaintiff's response is filed. **No further extensions of time to complete Lum's deposition or to extend summary-judgment briefing deadlines will be entertained absent extraordinary circumstances.**

_____
U.S. District Judge Jennifer A. Dorsey
June 22, 2022