UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ProDox, LLC, | Case No.: 2:20-cv-02035-JAD-NJK |
| Plaintiff | |
| v. | **Order Granting in Part Motions in Limine** |
| Professional Document Services, Inc., | [ECF No. 150] |
| Defendant | |

Plaintiff ProDox, LLC sues Professional Document Services, Inc. (PDS) for breaching the parties' 2006 settlement agreement and infringing on ProDox's trademark "ProDoc." Competing summary-judgment motions whittled this case down to ProDox's claims for trademark infringement, unfair competition, and declaratory judgment—and the question of damages for ProDox's breach-of-contract claim as this court already granted summary judgment in ProDox's favor as to PDS's liability for that breach.[1] In anticipation of the November 14, 2023, bench trial, ProDox moves in limine to exclude two categories of evidence: (1) any evidence not produced during discovery; and (2) any evidence that PDS did not breach the settlement agreement. PDS responds by disparaging ProDox's motion as one for reconsideration and devoting the bulk of its argument to explaining why it remains able to challenge both the enforceability of the contract's liquidated-damages provision and the amount of liquidated damages at trial despite the summary-judgment rulings.

Though the parties are mainly talking past each other, both are partially right. PDS's effort to obtain a summary adjudication that the liquidated-damages provision in the settlement agreement is an unenforceable penalty failed, leaving that question an open one at trial. But

---

[1] ECF No. 122.

PDS's failure to produce or properly disclose the evidence it intends to use at trial to prove that defense precludes it from introducing that evidence. So I grant ProDox's motions in limine—but with the caveat that PDS is not barred from pursuing its unenforceable-penalty defense at trial if it can support that theory with evidence not excluded by this order.

## Discussion

**A.  PDS's breach-of-contract liability has been established and may not be relitigated.**

ProDox asks this court "to exclude any evidence that PDS did not breach the Agreement by servicing customers outside of the State of California between 2017 and 2020."[2] It contends, correctly, that PDS's liability for that breach was already determined on summary judgment and may not be relitigated, so evidence that PDS did not breach the agreement is irrelevant at trial and may not be introduced.

It is true that the September 2022 order resolving the parties' crossmotions for summary judgment granted ProDox partial summary judgment "as to liability for its breach-of-contract claim."[3] I found "that there is no genuine dispute of material fact that PDS breached the settlement agreement when it serviced non-California customers under the ProDoc | Kytel name from April 2017 through September 2020 and that ProDox is entitled [to] summary judgment as to PDS's liability for that portion of ProDox's breach-of-contract claim."[4] Even PDS acknowledges in its response to ProDox's motions in limine that "summary judgment was granted in ProDox's favor on liability for breach of contract."[5] So PDS is barred from offering evidence or argument at trial in an effort to show that it did not breach the agreement.

---

[2] ECF No. 150 at 3.
[3] ECF No. 122 at 19.
[4] *Id.* at 11.
[5] ECF No. 152 at 5 (cleaned up).

But as PDS points out in its response, there may be some overlap between the evidence of breach and the evidence necessary to show that the liquidated-damages provision is an unenforceable penalty. That issue remains open because it was not foreclosed by the summary-judgment ruling. PDS sought a summary-judgment ruling that its defense that the liquidated-damages provision is an unenforceable penalty. I noted that, under Nevada law, "[t]o prove that such a provision constitutes a penalty, the challenging party must persuade the court that the liquidated damages are disproportionate to the actual damages sustained by the injured party."[6] And I found that I could not "conclude on [the summary-judgment] record that the liquidated-damages provision in this contract is an unenforceable penalty."[7] So the question of the provision's enforceability remains to be answered at trial. And while PDS cannot offer damages evidence to attack this court's conclusion that ProDox has established the liability portion of its breach-of-contract claim against PDS, that doesn't mean that PDS is barred from introducing such evidence to prove the disproportionality element of this defense.

**B.     Documents not produced during discovery may not be introduced at trial.**

Although PDS is not barred from attacking the enforceability of the liquidated-damages provision at trial, its ability to do so may be hindered by its own discovery failures. ProDox asks this court "to exclude any evidence not produced during discovery in support of PDS's claim that the liquidated damages provision" in the parties' agreement "is an unenforceable penalty."[8] ProDox identifies six such categories of evidence, arguing that PDS produced none of them during the discovery period:

---

[6] *Id.* at 13 (quoting *Mason v. Fakhimi*, 865 P.2d 333, 335 (Nev. 1993)).
[7] *Id.* at 15.
[8] ECF No. 150 at 2.

(i) Evidence of actual damages or lost profits suffered by ProDox from any acts of trademark infringement by PDS of ProDox's PRODOX trademark between 2017 and 2020;

(ii) Evidence of any income, profit, or loss of PDS from PDS's servicing of customers outside the State of California between 2017 and 2020;

(iii) Evidence of the viewing of PDS's website by any prospective or existing ProDox or PDS customer between 2017 and 2020;

(iv) Evidence that ProDox failed to mitigate its damages caused by PDS between 2017 and 2020;

(v) Evidence that ProDox's and PDS's customers did or did not overlap between 2017 and 2020; and

(vi) Evidence of any third party's alleged use of any mark confusingly similar to PRODOX or of any damages that resulted from such third-party use.[9]

ProDox argues that, although PDS listed this evidence in its portion of the pretrial order, PDS "failed, and even refused, to produce any" of it "during discovery," so PDS must be precluded from introducing this evidence at trial.[10] PDS addresses this argument only in a footnote, claiming that "[ProDox] also falsely states that [PDS] did not disclose these categories of documents."[11]

But the suggestion that PDS disclosed these documents is a gross overstatement. What PDS did was tell ProDox in its initial disclosures under Federal Rule of Civil Procedure 26 that it "believes that the following categories of documents, data compilations, and tangible things may

---

[9] *Id.* at 2–3 (cleaned up).

[10] *Id.* at 6.

[11] ECF No. 152 at 10 n. 2.

be used to defend against Plaintiff's claims: . . . 4. Plaintiff's alleged damages."[12] That's it. That three-word description. Which doesn't hint at the detailed categories of documents that PDS now offers in its portion of the pretrial order. Plus, it appears on this record that PDS didn't *produce* any of these categories of documents during discovery. So if PDS were to introduce them at the upcoming trial, it would permit trial by ambush, which is exactly what the rules of discovery are intended to avoid.[13]

Rule 26 of the Federal Rules of Civil Procedure requires a litigant to provide to its adversary "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that [it] has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment."[14] "In addition" to those disclosures, "a party must provide to the other parties . . . an identification of each document or other exhibit, including summaries of other evidence—separately identifying those items the party expects to offer and those it may offer if the need arises" no later than 30 days before trial.[15] Rule 37(c)(1) "forbid[s] the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed"[16] unless that failure "was substantially justified or is harmless."[17] Because PDS's too-thin disclosures did not supply the detail required

---

[12] ECF No. 152-3 at 3. To the extent that PDS attempts in this same footnote to challenge the sufficiency of ProDox's disclosures, I decline to consider this substantive argument because it is raised only in a footnote and not properly developed, nor is it the subject of a properly filed motion seeking relief.

[13] *Brandon v. Mare-Bear, Inc.*, 225 F.3d 661 (9th Cir. 2000) (unpublished) (noting that "one of the principal goals of the discovery rules" is "preventing trial by ambush and surprise").

[14] Fed. R. Civ. P. 26(a)(1)(A)(ii).

[15] Fed. R. Civ. P. 26(a)(3)(A)(iii).

[16] *R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012) (quoting *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008)).

[17] Fed. R. Civ. P. 37(c)(1).

by the discovery rules, and PDS has not even attempted to show that this failure was substantially justified or harmless, I grant ProDox's motion and preclude the introduction of evidence not produced during the discovery period.

## Conclusion

IT IS THEREFORE ORDERED that ProDox's motions in limine **[ECF No. 150]** are **GRANTED.**  The enforceability of the liquidated-damages provision remains an open question for trial.  But PDS is barred from (1) introducing evidence not disclosed during discovery and (2) relitigating this court's summary-judgment holding that ProDox has established PDS's breach-of-contract liability.

_____
U.S. District Judge Jennifer A. Dorsey
November 6, 2023