UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ProDox, LLC,

    Plaintiff

v.

Professional Document Services, Inc.,

    Defendant

Case No.: 2:20-cv-02035-JAD-NJK

**Order Awarding Fees and Costs in Favor of ProDox, LLC**

[ECF Nos. 177, 178]

    ProDox, LLC filed this suit against Professional Document Services, Inc. (PDS) after PDS used the name "ProDoc" to sell its product outside of the state of California, in alleged violation of the parties' 2006 settlement agreement. The case eventually went to a bench trial on the narrow question of ProDox's entitlement to damages for PDS's breach under the settlement agreement's liquidated-damages provision. With the benefit of additional briefing after that trial, I denied PDS's attempts to invalidate the liquidated-damages provision, considered testimony regarding PDS's sales to non-California customers in violation of the agreement, and awarded ProDox $217,500 in damages for PDS's breach.

    ProDox and PDS now move for attorneys' fees, each arguing that they are prevailing parties entitled to such fees under the parties' settlement agreement. PDS additionally contends that it may seek fees under Nevada Revised Statute 18.010(2) and the Lanham Act. I find that ProDox was the "prevailing party" because, while both parties won some and lost some issues over the course of this case, ProDox prevailed on, and received an award of monetary damages for, the most significant issue of whether PDS breached the parties' settlement agreement, so only ProDox is entitled to fees under the settlement agreement. I find that PDS has not shown extraordinary circumstances or bad-faith conduct on ProDox's part that would warrant a fee

award under the Lanham Act or NRS 18.010(2). So I deny PDS's motion for fees and grant ProDox's. But I reduce ProDox's award to account for the fact that it won substantially less than it originally sought for PDS's breach.[1] And I grant ProDox's request for costs under the agreement, with a small reduction for some costs that rightfully shouldn't be passed on to PDS.

**A.   ProDox is entitled to fees and costs under the settlement agreement as the only prevailing party.**

*1.   ProDox is the prevailing party.*

Both parties move for attorneys' fees under the terms of their 2006 settlement agreement. Under both federal and Nevada law, valid contractual provisions for the payment of attorneys' fees constitute a sufficient source of authority for such an award.[2] The agreement provides that, "in the event of any lawsuit to enforce, interpret, modify, terminate, or declare rights under this agreement, the prevailing party shall be entitled to recover its costs and attorneys' fees, in addition to any other remedies."[3] The parties' agreement doesn't define "prevailing party." But

---

[1] The parties are familiar with the facts of this case, so I don't repeat them here. I instead incorporate herein the overviews contained in my prior orders. *See* ECF Nos. 122, 174.

[2] *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257 (1975) ("[A]bsent statute or enforceable contract, litigants pay their own attorneys' fees."); *MRO Commc'ns, Inc. v. AT&T*, 197 F.3d 1276, 1281 (9th Cir. 1999) ("[E]ach party must bear its own attorneys' fees in the absence of a rule, statute[,] or contract authorizing such an award."); *Schouweiler v. Yancey Co.*, 712 P.2d 786, 788 (Nev. 1985) ("It is well established in Nevada that attorney's fees are not recoverable unless allowed by express or implied agreement or when authorized by statute or rule.") (citing *Sun Realty v. Dist. Ct.*, 542 P.2d 1072 (Nev. 1975)).

[3] ECF No. 178-2 at ¶ 19.

2

under Nevada law generally,[4] a party prevails "if it succeeds on any significant issue in litigation which achieves some of the benefit it sought in bringing [or defending] suit."[5]

PDS contends that it is the prevailing party on ProDox's implied-breach, trademark-infringement, unfair-competition, and declaratory-judgment claims because ProDox lost or dropped them. But Nevada law counsels that I look to the significance of a party's successes, and here, ProDox succeeded on the linchpin claim of this entire action: breach of the settlement agreement in which PDS promised not to pursue certain clients under the ProDoc name in order to avoid a trademark-infringement suit. ProDox's failure to secure success on its remaining claims didn't really alter the net outcome of this suit or change what ProDox argued it was entitled to all along: liquidated damages under the agreement. So I conclude that, for purposes of awarding attorneys' fees under the settlement agreement and Nevada law, ProDox is the prevailing party in this action, and PDS is not.

### 2. *ProDox's limited success at trial warrants a fee reduction.*

Federal courts sitting in diversity determine the reasonableness of attorneys' fees awarded under state law when those fees are connected to the substance of the case.[6] Under

---

[4] I look to Nevada law to resolve this question because, "[i]n an action involving state law claims," courts "apply the law of the forum state to determine whether a party is entitled to attorneys' fees, unless it conflicts with a valid federal statute or procedural rule." *MRO Commc'ns*, 197 F.3d at 1282.

[5] *Valley Elec. Ass'n v. Overfield*, 106 P.3d 1198, 1200 (Nev. 2005) (cleaned up) (explaining that "'prevailing party' is broadly construed so as to encompass plaintiffs, counterclaimants, and defendants"); *see also Davis v. Beling*, 278 P.3d 301, 322 (Nev. 2012) (noting that parties prevail "if they succeed on any substantial aspect of the case").

[6] *In re Larry's Apartment*, 249 F.3d 832, 838 (9th Cir. 2001). Because I award fees based on the parties' settlement agreement and only for ProDox's successful state-law contract claim, I consider ProDox's fees request under Nevada law. PDS's argument that federal, not Nevada, law applies here is unsound. *See* ECF No. 181 at 12–13. ProDox's motion accurately supplies the Nevada standard for awarding attorneys' fees and sufficiently complies with this district's local rules regarding the information that must be supplied to rule on an attorneys' fees motion.

Nevada law, "the method upon which a reasonable fee is determined is subject to the discretion of the court, which is tempered only by reason and fairness."[7] One permissible calculation method is the lodestar approach, which involves "multiplying the number of hours reasonably spent on the case by a reasonable hourly rate."[8]

Nevada courts must also review the requested amount "in light of the factors set forth in" the Supreme Court of Nevada's decision in *Brunzell*.[9] They include:

> (1) the qualities of the advocate: his ability, his training, education, experience, professional standing, and skill;
>
> (2) the character of the work to be done: its difficulty, its intricacy, its importance, time, and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation;
>
> (3) the work actually performed by the lawyer: the skill, time and attention given to the work;
>
> (4) the result: whether the attorney was successful and what benefits were derived.[10]

Finally, Local Rule 54-14 requires any application for attorneys' fees to include, as relevant here, an attorney affidavit, "[a] reasonable itemization and description of the work performed[,]" and "[a] brief summary" of 13 categories of information designed to elicit more information about the case and the work that the attorneys performed.[11]

---

[7] *Shuette v. Beazer Homes Holdings Corp.*, 124 P.3d 530, 548–49 (Nev. 2005) (en banc) (internal quotation marks omitted).

[8] *Id.* at 549 & n.98 (internal quotation marks omitted).

[9] *Haley v. Dist. Ct.*, 273 P.3d 855, 860 (Nev. 2012) (citing *Brunzell v. Golden Gate Nat'l Bank*, 455 P.2d 31, 33 (1969)).

[10] *Brunzell*, 455 P.2d at 34.

[11] L.R. 54-14 (a)–(b).

I have carefully reviewed ProDox's motion and its attorneys' sworn declarations, billing records, and hourly rates. I find that the rates charged and the amount of work performed, compared to the legal market in Las Vegas and the circumstances of this case, are reasonable. ProDox's lawyers are seasoned professionals who devoted significant attention and skill to this case, though they occasionally fell short of the high standards expected in federal court.[12] Overall, however, they represented their clients sufficiently and were able to rebuff several of PDS's attempts to avoid liability in this case.

I have also considered PDS's objections to the number of hours that ProDox's attorneys worked on specific issues and find them unpersuasive at best, and disingenuous at worst. As an example, PDS objects to the 88.8 hours ProDox's counsel spent in connection with a motion to amend the complaint to drop some claims following my summary-judgment ruling. The number of hours ProDox spent on that motion and the related proceedings was due solely to PDS's overly aggressive and time-consuming litigation tactics—signature tactics labeled by the magistrate judge as "Rambo" style.[13] PDS also seeks a reduction of fees for the time ProDox spent preparing for the first deposition of PDS's 30(b)(6) witness because that deposition "lasted

---

[12] *See* ECF No. 81 at 7; ECF No. 124 at 4 n.4, 5 (detailing the numerous deadlines ProDox disregarded in this case and ordering ProDox's attorneys to "attend four hours of continuing education regarding federal practice and procedure").

[13] ECF No. 81 at 3. PDS also claims that it "prevailed" on that claim because the claims that ProDox wished to drop from its complaint were dismissed with prejudice. ECF No. 181 at 21. That characterization drastically overstates the outcome of that dispute. ProDox wished to drop claims to narrow this case and focus on the claim that gave them the best chance of success—PDS responded by moving to strike the motion to amend and for sanctions. PDS lost both of its motions, and I granted the motion to amend while dismissing the dropped claims with prejudice over no objection from ProDox. *See* ECF No. 176 at 11:5–13. The amount of hours ProDox spent on this fairly common request was due to PDS's needlessly combative response, so I will not reduce those fees as unreasonable.

a total of four minutes."[14]  PDS fails to note that the deposition was cut short because PDS refused to turn over relevant discovery that the magistrate judge later found, with some minor exceptions, that ProDox should have been provided.[15]  The record is replete with PDS's unwarranted litigation tactics that caused ProDox to spend more time on this case than would have otherwise been necessary.  I will not now reduce those fees because PDS claims that the time ProDox spent combatting those tactics was excessive.

Nor will I reduce ProDox's fees based on PDS's arguments that it spent less time on some issues than ProDox's lawyers did.[16]  As the plaintiff, ProDox bore the burden of proving each of its claims, so it makes sense that ProDox's lawyers spent more time on tasks, like preparing for summary judgment and a bench trial.  I do not find that any of ProDox's billed time is excessive, so I do not reduce ProDox's fees based on any disparity between its billed hours and PDS's.

But I do find that ProDox's limited success in this case, when compared to the scope of claims and damages originally pursued, justifies an award reduction.  ProDox's attorneys won a relatively small portion of the damages that they advocated for.  The company sought to recover $787,500 in its trial brief based on the evidence it believed it had already adduced at summary judgment.[17]  So, at the bench trial, ProDox closed its case without presenting any evidence of damages, explaining that it believed I had already ruled on summary judgment that it was

---

[14] ECF No. 181 at 21.

[15] *See* ECF Nos. 64, 76.

[16] *See* ECF No. 181 at 22–24.

[17] ECF No. 156 at 8.  At summary judgment, ProDox asserted that it was entitled to $1.5 million in damages for PDS's breach.  ECF No. 108 at 25.  In my summary-judgment order, I explained that the evidence presented may, at best, support a damages award totaling only half that amount.  ECF No. 122 at 15–16.

entitled to that $787,500 amount.  But that belief was unreasonable because my summary-judgment order clearly stated that ProDox had failed to prove its damages, leaving that matter for trial.[18]  Ultimately, I let ProDox reopen its case to present evidence of damages,[19] but it then could only prove entitlement to $217,500—about 27% of what it sought at the beginning of trial.[20]  So I find that, while ProDox is entitled to some fees as the prevailing party, its limited success on its one surviving claim warrants a comparable reduction in its fee award.[21]

I thus reduce ProDox's requested fees by 50%.  This reduction accounts for the limited success that ProDox's counsel obtained for their client when compared to what they believed they could get at the beginning of the single-day bench trial.  So ProDox is awarded $133,860.75 in attorneys' fees.

### 3. *ProDox is entitled to most of its incurred costs.*

ProDox also seeks reimbursement of $9,240.73 in costs incurred during this action.[22]  PDS argues that, because ProDox failed to submit a bill of costs under Local Rule 54-1(a), it

---

[18] ECF No. 122 at 15–16.

[19] *See* ECF No. 174 at 5.

[20] PDS also contends that I should reduce ProDox's fees because it didn't excise the time spent on those claims that ProDox "lost."  But as explained *supra* at p. 3, ProDox's claims are best characterized as alternative theories attacking the same misconduct: PDS's breach of the 2006 settlement agreement prohibiting it from using the moniker "ProDoc" to sell its products outside of California.  And when a plaintiff's claims "involve a common core of facts or [are] based on related legal theories," "[s]uch a lawsuit cannot be viewed as a series of discrete claims." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983).  The court should "instead focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.*  So I don't make much of the fact that ProDox prevailed on only one of its claims, but instead look to the overall relief it obtained.

[21] *See Univ. of Nev. v. Tarkanian*, 879 P.2d 1180, 1189 (Nev. 1994) (noting that trial courts have discretion to reduce attorneys' fees awards for "limited success").

[22] ECF No. 177 at 3.

7

cannot collect.[23] But Local Rule 54-1 is based on Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920, and the Ninth Circuit has repeatedly indicated that a "contractual right" could permit the recovery of costs ordinarily disallowed under federal law.[24] I thus find that ProDox may recover costs under NRS 18.005 without filing a bill of costs required by this district's local rules. Costs awarded under that statute must be "reasonable, necessary, and actually incurred," and the district court has "wide discretion to determine which costs meet these criteria."[25] In addition to specific allowances for clerks' fees, reporters' fees, and reasonable costs for things like telecopies, postage, and travel, NRS 18.005 permits the award of "any other reasonable and necessary expensive incurred in connection with the action."

I award most of ProDox's costs because I find that they were reasonable, necessary, and actually incurred throughout the course of this four-year-long litigation. But I disallow those costs paid to "Deadlines on Demand" and those for office supplies and an annual subscription to Docketbird. ProDox hasn't sufficiently shown that those standard administrative fees should be passed on to PDS. So I reduce ProDox's requested fees by $342.54, for a total cost award of $8,898.19.

**B.     PDS isn't entitled to fees under the Lanham Act.**

Under the Lanham Act, courts "in exceptional cases may award reasonable attorney fees to the prevailing party."[26] "District courts analyzing a request for fees under the Lanham Act

---

[23] ECF No. 181 at 13–14.

[24] *Agredano v. Mutual of Omaha Cos.*, 75 F.3d 541, 543 (9th Cir. 1996); *see also Hobson v. Orthodontic Ctrs. of Am. Inc.*, 220 Fed. App'x. 490, 491 (9th Cir. 2007) ("The plain language of the Agreement indicated that OCA and Hobson intended the prevailing party to recover all its costs. Therefore, 28 U.S.C. §§ 1821 and 1920 do not control.").

[25] *N. Las Vegas Infrastructure Inv. & Constr., LLC v. City of N. Las Vegas*, 525 P.3d 836, 839 (Nev. 2023) (cleaned up).

[26] 15 U.S.C. § 1117(a).

should examine the 'totality of the circumstances' to determine if the case was exceptional, exercising equitable discretion in light of" a "nonexclusive list of factors, including frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case), and the need in particular circumstances to advance considerations of compensation and deterrence."[27] The party moving for fees has the burden of showing exceptional circumstances by a preponderance of the evidence.[28]

Even assuming that PDS was the prevailing party on ProDox's dismissed trademark-infringement and unfair-competition claims,[29] PDS hasn't shown that those claims represent an exceptional case entitling PDS to fees. In the underlying settlement agreement, the parties agreed to a permanent injunction to prevent PDS from infringing on ProDox's trademark rights. When ProDox believed that PDS broke that agreement, it was not frivolous for it to bring an action to enforce the agreement and, as an alternative in case that claim failed, also sue for the violation of those trademark rights. And ProDox dropped that claim once it became clear that its primary beef—violation of the settlement agreement—was validated at summary judgment.

Nor do PDS's complaints about ProDox's litigation conduct merit fees under the Lanham Act. While ProDox's counsel repeatedly violated the scheduling order in this case, I do not find that, on balance, their conduct entitles PDS to fees. The performances by counsel on both sides

---

[27] *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016) (en banc) (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 & n.6 (2014)).

[28] *Id.*

[29] I consider both of these claims in this analysis because courts may award attorneys' fees under the Lanham Act for "non-Lanham Act claims" so long as they "are so intertwined that it is impossible to differentiate between work done on claims." *Gracie v. Gracie*, 217 F.3d 1060, 1070 (9th Cir. 2000).

were far from model and resulted in delays and wasted resources.[30]  But I do not find that ProDox's role in those delays and difficulties supply exceptional circumstances justifying an award of fees to PDS under the Lanham Act.[31]

## Conclusion

IT IS THEREFORE ORDERED that Defendant Professional Document Services, Inc.'s motion for attorneys' fees **[ECF No. 178] is DENIED**.

IT IS FURTHER ORDERED that Plaintiff ProDox, LLC's motion for attorneys' fees **[ECF No. 177] is GRANTED in part: ProDox is awarded fees of $133,860.75 and costs of $8,898.19, for a total award of $142,758.94, based on the parties' settlement agreement. The Clerk of Court is directed to ENTER an AMENDED JUDGMENT ACCORDINGLY**.

_____
U.S. District Judge Jennifer A. Dorsey
August 16, 2024

---

[30] *See, e.g.*, ECF No. 174 at 7–17 (describing the many ways in which PDS misrepresented various issues to this court and violated best practices in pleading an affirmative defense); ECF No. 124 (magistrate judge order discussing ProDox's repeated failures to meet court-ordered deadlines); ECF No. 81 (granting ProDox's motion for sanctions against PDS for its failure to appear at a noticed deposition and noting that PDS "engaged in [] similar tactic[s] earlier in this case and was expressly rebuffed for doing so," and describing PDS's conduct as "behavior dredged up from the cesspool of 'Rambo' litigation that cannot be countenanced" (cleaned up)).

[31] For the same reasons, I deny PDS's request for fees under NRS 18.010(2).  *See* ECF No. 178 at 18.  ProDox's choice to bring several alternative claims does not suggest that it brought those claims "without reasonable ground or to harass the prevailing party."  Nev. Rev. Stat. § 18.010(2).