# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ProDox, LLC,

      Plaintiff

v.

Professional Document Services,

      Defendant

Case No.: 2:20-cv-02035-JAD-NJK

**Order Granting ProDox's Motions to Conform Judgment and Enforce Surety Bond**

[ECF Nos. 209, 210]

In March 2024, this court entered final judgment in favor of plaintiff ProDox, LLC and against defendant Professional Document Services (PDS) after a bench trial on ProDox's claim that PDS breached a settlement agreement between the parties that prohibited PDS from marketing its services in California under an infringing mark.[1]  PDS appealed and, in September 2025, the Ninth Circuit affirmed.  ProDox now moves to conform and correct the judgment in this case to include the attorneys' fees awarded by the Ninth Circuit and postjudgment interest.[2]  It also moves for an order enforcing the surety bond that was approved by this court in April 2024.[3]  PDS does not truly oppose either motion, but it asks that additional conditions be added to the order enforcing the bond.[4]

      I grant the motion to correct the judgment to include the attorneys' fees awarded in this court and at the Ninth Circuit, as well as postjudgment interest.  The final judgment is thus

---

[1] ECF Nos. 174 (findings of fact and conclusions of law); 175 (judgment).

[2] ECF No. 209.  ProDox initially sought prejudgment interest too, but it withdrew that request in its reply.  ECF No. 213.  So I do not address the parties' arguments concerning prejudgment interest.

[3] ECF No. 210.

[4] ECF No. 212.

$426,186.46, plus $32,268.83 in postjudgment interest as of March 5, 2026, with interest accruing at $56.19 per day until the judgment is paid.[5]

I also grant the motion to enforce the surety bond without the additional conditions PDS seeks to include.  Federal Rule of Appellate Procedure 8(b) provides that, "[o]n motion, a security provider's liability may be enforced in the district court without the necessity of an independent action.  The motion and any notice that the district court prescribes may be served on the district clerk, who must promptly send a copy to each security provider whose address is known."  SureTec, the security provider in this case, posted a $326,250.00 bond.  PDS does not dispute SureTec's obligation to pay, but it asks that the court's enforcement order include:

> (1) an unequivocal statement that SureTec's total liability under the bond is $326,250, which was the amount of the bond;
>
> (2) that SureTec's payment of the $326,250 to ProDox [is] credited against the total judgment of $426,186.46, and PDS is liable for the remainder ($99,936.46) plus any postjudgment interest the Court determines has accrued under 28 U.S.C. § 1961.  The order should specify the exact amounts[,] [and] should also state that postjudgment interest ceases accruing on the $326,250 portion of the judgment as of the date SureTec makes payment and thereafter accrues only on the remaining unpaid balance.
>
> (3) a statement that upon SureTec's payment of the bond amount to ProDox, the bond is exonerated, and SureTec is fully discharged from any further liability in connection with this matter.  This protects SureTec from subsequent attempts to recover additional amounts and provides finality to the surety relationship;
>
> . . .
>
> (5) to protect PDS's interests and maintain an accurate record, the order should require ProDox to file an acknowledgement of partial satisfaction of judgment within a specified period (PDS suggests 14 days) after receipt of the bond proceeds.  Similarly, once PDS has satisfied the remaining balance in full, ProDox should be required to file a full satisfaction of judgment within 14 days.  If

---

[5] *See* ECF No. 213 (undisputed judgment calculations).

ProDox fails to do so, PDS should be permitted to move the court for an order declaring the judgment satisfied.[6]

ProDox opposes adding these conditions to the enforcement order, noting that almost all of them are satisfied by operation of established law and need no judicial pronouncement. But in reply, it acknowledges that the order should clarify that SureTec is liable only for the amount of the surety bond. I agree and order that SureTec pay the full amount of the bond. But PDS has not demonstrated the need for ProDox to file notices related to the satisfaction of this judgment. PDS can protect its own interests in this regard, and if an issue arises concerning satisfaction of the judgment, it may file an appropriate motion. So I grant the motion to enforce the surety bond with no additional conditions.

## Conclusion

IT IS HEREBY ORDERED that ProDox, LLC's motion to conform and correct judgment to include appellate fees and interest **[ECF No. 209] is GRANTED.** The Clerk of Court is directed to ENTER A CONSOLIDATED JUDGMENT reflecting that ProDox is awarded $217,500.00 on its sole claim for breach of contract, plus $142,758.94 in attorneys' fees and costs accrued in district court and $65,927.52 in attorneys' fees and costs accrued in the Ninth Circuit, and plus postjudgment interest under 28 U.S.C. § 1961 of $35,696.42 through the date of this order, which continues to accrue at the statutory rate while the judgment remains unsatisfied.

IT IS FURTHER ORDERED that ProDox's motion to enforce the surety bond **[ECF No. 210] is GRANTED.  SureTec Insurance Company must pay the sum of $326,250.00,**

---

[6] ECF No. 212 at 2–3 (cleaned up). I omitted PDS's fourth request because it concerns ProDox's now-withdrawn request for prejudgment interest.

**representing the full face amount of the bond, to ProDox in partial satisfaction of the judgment, with Professional Document Services remaining liable for the unsatisfied balance plus post-judgment interest as provided by law.** The Clerk of Court is directed to release the surety bond accordingly.

_____
U.S. District Judge Jennifer A. Dorsey
May 5, 2026